# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JANUARY SESSION, 1999

FILED

February 19, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9805-CC-00236 |
| | ) | |
| Appellant, | ) | |
| | ) | HUMPHREYS COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. ALLEN W. WALLACE, |
| SHELLY BRAGG, KENNETH | ) | JUDGE |
| STORY, AND CRAIG STORY, | ) | |
| | ) | |
| Appellee. | ) | (STATE APPEAL) |

FOR THE APPELLEE:                    FOR THE APPELLANT:

**DALE M. QUILLEN**                    **JOHN KNOX WALKUP**
Attorney for Shelly Bragg            Attorney General & Reporter
and Kenneth Story
**MICHAEL J. FLANAGAN**                **LISA A. NAYLOR**
Attorney for Craig Story             Assistant Attorney General
95 White Bridge Road, Suite 208      2nd Floor, Cordell Hull Building
Nashville, TN  37205                 425 Fifth Avenue North
                                     Nashville, TN  37243

                                     **DAN MITCHUM ALSOBROOKS**
                                     District Attorney General

                                     **GEORGE C. SEXTON**
                                     Assistant District Attorney General
                                     Humphreys County Courthouse
                                     Waverly, TN  37185

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

THOMAS T. WOODALL, JUDGE

# ORDER

In this case, the State appeals as of right pursuant to Rule 3(c)(1) of the Tennessee Rules of Appellate Procedure from the trial court's order granting the Defendants' motions to suppress evidence seized pursuant to a search warrant executed on September 3, 1997. The record reflects that the trial court filed two (2) orders. One order generally granted the Defendants' motions to suppress. The other order more specifically suppressed testimony of police officers who conducted the search insofar as the testimony pertained to evidence obtained, and statements made by the Defendants to the officers. The motions to suppress evidence, which were generally granted, moved the court to suppress all items of physical evidence seized during the search.

The search warrant was issued upon affidavit by Agent Billy Hudspeth of the 23rd Judicial District Drug Task Force. Both the affidavit and the search warrant contained the following description of the premises to be searched:

> Being located in Humphreys County, Tennessee, and more particularly described as follows:
>
> Beginning at the intersection of Powers Street and East Railroad Street in <u>McEwen</u>, Humphreys County, Tennessee, travel approximately .4 miles on East Railroad Street to a gravel road on the right of said Railroad Street [sic]. Travel down said gravel road approximately 100 yards to a white vinyl sided house, said house being the second and last house on the gravel road and having an E911 address of 521 East Railroad Street, and a location that your affiant has previously passed on said Railroad Street [sic] and on the person of or in the possession of Kenneth Story and/or Craig Story, a certain controlled substance, to-wit: Methamphetamine. (Emphasis added).

The residence searched pursuant to the search warrant was located in <u>Waverly</u>, Tennessee, rather than McEwen, Tennessee. Testimony by Agent

Hudspeth at the suppression hearing was that a Railroad Street existed in McEwen, Tennessee, but there is not a Powers Street in McEwen. Agent Hudspeth was unable to testify as to the number of incorporated towns located in Humphreys County. When asked what he would have done if he were a total stranger to Humphreys County and had been handed the search warrant, he testified, "[i]f I had been a total stranger, I'd have went to McEwen first and then when I realized that there wasn't a Powers Street, Powers Boulevard or whatever, I would have asked do you know where this street is."

The State argues that when there is an ambiguity in the description of the place to be searched, that "the legal effect of such a possible ambiguity may be determined by considering the fact that the executing officer was the affiant and personally knew where the place to be searched was located." The State relies upon State v. Conatser, 958 S.W.2d 357 (Tenn. Crim. App.) perm. to appeal denied (Tenn. 1997), in support of this general proposition of law.

However, there really is no ambiguity in the description of the place to be searched in the warrant. The warrant states that the residence is located in McEwen, Tennessee. The residence was actually located in an entirely different incorporated town within Humphreys County. In Conatser, our court noted that:

> Tennessee law prohibits general warrants, Tenn. Const., art. I, § 7, and requires search warrants to describe 'particularly . . . the place to be searched.' T.C.A. § 40-6-103. This requirement is satisfied if the description 'particularly points to a definitely ascertainable place so as to exclude all others, and enables the officer to locate the place to be searched with reasonable certainty without leaving it to his discretion.' (Citation omitted).

958 S.W.2d at 359.

The requirement that a description "particularly points to a definitely ascertainable place so as to exclude all others" is not met where the incorrect incorporated town is stated in the warrant. When the searching officer is unaware of the number of incorporated towns located within a county, it is leaving too much to the officer's discretion to pick the "correct" incorporated city to find an address to be searched.

In this case, the evidence does not preponderate against the finding and ruling the of trial court, and there is no error of law requiring a reversal of the judgment of the trial court apparent on the record. The judgment of the trial court is therefore affirmed in accordance with Rule 20 of the Court of Criminal Appeals.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
DAVID H. WELLES, Judge